# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Teamsters Local Union No. 727 | : | |
| Pension Fund, by and through its | : | Civil Action |
| Board of Trustees, Michael DeGard, | : | |
| John T. Coli, Jr., Stephanie Brinson, | : | |
| Nicholas Micaletti, John McCarthy, | : | |
| Gregory T. Youmans, Carl S. Tominberg, | : | |
| and Robert Sheehy, | : | No. _____ |
| 1300 W. Higgins Rd, Suite 103, | : | |
| Park Ridge, IL 60068, | : | |
| | : | |
| **and** | : | |
| | : | |
| Teamsters Local Union No. 727 | : | |
| Health & Welfare Fund, by and through its | : | |
| Board of Trustees, John T. Coli, Jr., | : | |
| Stephanie Brinson, Michael DeGard, | : | |
| John McCarthy, Gregory T. Youmans, | : | |
| Carl S. Tominberg,and Robert Sheehy, | : | |
| 1300 W. Higgins Rd, Suite 103, | : | |
| Park Ridge, IL 60068, | : | |
| | : | |
| **and** | : | |
| | : | |
| Teamsters Local Union No. 727 Legal | : | |
| & Educational Assistance Fund, | : | |
| by and through its Board of Trustees, | : | |
| John T. Coli, Jr., Stephanie Brinson, | : | |
| Michael DeGard, Nicholas Micaletti, | : | |
| John McCarthy, Gregory T. Youmans, | : | |
| Carl S. Tominberg, and Robert Sheehy, | : | |
| 1300 W. Higgins Rd, Suite 103, | : | |
| Park Ridge, IL 60068, | : | |
| | : | |
| **and** | : | |
| | : | |
| Parking Industry Labor Management | : | |
| Committee, by and through its Board | : | |
| of Trustees, John T. Coli, Jr., | : | |
| James Buczek, and Michael Prussian, | : | |
| 1300 W. Higgins Rd, Suite 103, | : | |
| Park Ridge, IL 60068, | : | |
| | : | |

|                                         |     |
| --------------------------------------- | --- |
| **Plaintiffs**                          | :   |
|                                         | :   |
| **v.**                                  | :   |
|                                         | :   |
| **United Building Maintenance, Inc.**   | :   |
| **165 Easy Street,**                    | :   |
| **Carol Stream, IL 60188,**             | :   |
|                                         | :   |
| **and**                                 | :   |
|                                         | :   |
| **All In One Supply, LLC.**             | :   |
| **1600 E Grand Blvd**                   | :   |
| **Detroit, MI 48211**                   | :   |
| **Defendants.**                         | :   |

---

## **COMPLAINT**

## **INTRODUCTION**

Plaintiffs, Teamsters Local Union No. 727 Pension Fund, Teamsters Local Union No. 727 Health & Welfare Fund, Teamsters Local Union No. 727 Legal & Educational Assistance Fund, and the Parking Industry Labor Management Committee (hereinafter collectively "the Funds"), by and through the Funds' respective Boards of Trustees, bring this action against Defendant United Building Maintenance. Inc. and its successor Defendant All In One Supply, LLC (hereinafter collectively "Defendants") pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order (1) declaring All in One Supply, LLC as the successor of United Building Maintenance, Inc.; (2) an order directing Defendants to pay delinquent contributions, interest, and liquidated damages currently owed to the Plaintiff Funds, and that may become due and owing during the pendency of this litigation, plus attorneys' fees, audit fees, and costs; and (3) interest and liquidated damages on late-paid

contributions under federal common law, plus attorneys' fees and costs and any other amounts permitted by law.

## JURISDICTION AND VENUE

1.      Plaintiffs invoke the jurisdiction of this Court pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); and sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2) and 1145.

2.      Plaintiffs in this action are located in Cook County therefore jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3.      Venue is proper in this District pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a); section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Teamsters Local Union No. 727 Pension Fund ("Pension Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The Pension Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

5.      The Pension Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the pension plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104.  The Pension Fund receives contributions from employers that are parties to a collective

bargaining agreement with the International Brotherhood of Teamsters Local Union No. 727 (the "Union").

6.     Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Pension Fund pursuant to the Pension Fund's Agreement and Declaration of Trust ("Pension Fund Trust Agreement").  *Exhibit A, Pension Fund Trust Agreement.*  Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Pension Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Pension Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

7.     Plaintiff Teamsters Local Union No. 727 Health & Welfare Fund ("Welfare Fund") is a jointly administered multiemployer welfare plan within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The Welfare Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

8.     The Welfare Fund is administered by a Board of Trustees ("Welfare Trustees") in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing health care benefits to its participants and defraying the reasonable expenses of administering the welfare plan, in accordance with section 404 of ERISA, 29 U.S.C. §1104. The Welfare Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

9.      Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the Welfare Fund pursuant to the Welfare Fund's Agreement and Declaration of Trust ("Welfare Fund Trust Agreement"). *Exhibit B, Welfare Fund Trust Agreement.* Coli, Jr., Brinson, DeGard, McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Welfare Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the Welfare Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

10.      Plaintiff Teamsters Local Union No. 727 Legal & Educational Assistance Fund ("L&E Fund") is a jointly-administered, multiemployer employee benefit fund within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A). The L&E Fund's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL  60068.

11.      The L&E Fund is administered by a Board of Trustees ("L&E Trustees") and exists for the exclusive purpose of providing legal and educational assistance to its participants and defraying the reasonable expenses of administering the L&E Fund, in accordance with section 404 of ERISA, 29 U.S.C. §1104.  The L&E Fund receives contributions from employers that are parties to a collective bargaining agreement with the Union.

12.      Plaintiffs John T. Coli, Jr., Stephanie Brinson, Michael DeGard, Nicholas Micaletti, John McCarthy, Gregory T. Youmans, Carl S. Tominberg, and Robert Sheehy are Trustees of the L&E Fund pursuant to the L&E Fund's Agreement and Declaration of Trust ("L&E Fund Trust Agreement"), *Exhibit C, L&E Fund Trust Agreement*. Coli, Jr., Brinson, DeGard, Micaletti,

5

McCarthy, Youmans, Tominberg, and Sheehy are fiduciaries of the Plan as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., Brinson, DeGard, Micaletti, McCarthy, Youmans, Tominberg, and Sheehy's business address as Trustees of the L&E Fund is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

13. Plaintiff Parking Industry Labor Management Committee ("PILMC") is a labor management cooperation committee within the meaning of section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

14. The PILMC is administered by a Board of Trustees ("PILMC Trustees") and exists for the purpose of improving communication, expanding work opportunities and advancing common interests within the industry. The PILMC receives contributions from employers that are parties to a collective bargaining agreement with the Union.

15. Plaintiffs John T. Coli, Jr., James Buczek, and Michael Prussian are Trustees of the PILMC pursuant to the PILMC's Agreement and Declaration of Trust ("PILMC Trust Agreement"), *Exhibit D, PILMC Trust Agreement*. Plaintiffs Coli, Jr., Buczek, and Prussian's business address as Trustees of the PILMC is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

16. Defendant United Building Maintenance, Inc. ("UBM") is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5). UBM's principal place of business was 165 Easy Street, Carol Stream, IL 60188.

17. Defendant All in One Supply, LLC ("All in One") is an employer within the meaning of section 301(a) of the LMRA, 29 U.S.C. § 185(a); and section 3(5) of ERISA, 29 U.S.C. § 1002(5). All in One's principal place of business is 1600 E Grand Boulevard, Detroit, MI 48211.

6

## DEFENDANT UBM'S CONTRIBUTION OBLIGATIONS

18.     At all times relevant to this action, UMB operated a custodial cleaning company in the Chicago, Illinois area.

19.     UBM and the Union entered into a collective bargaining agreement (the "UBM CBA") for the period November 1, 2011through October 31, 2016 that required UBM to submit remittance reports and corresponding contributions to Plaintiffs Pension Fund, Welfare Fund, L&E Fund, and PILMC for employees covered by the UBM CBA. *Exhibit E, UBM CBA*.

20.     Article 20, Section 20.2 of the UBM CBA sets forth UBM's obligation to make monthly contributions to the Pension Fund on behalf of employees performing work covered by the CBA. *Exhibit E, p. 16.*

21.     Article 20, Section 20.1 of the UBM CBA sets forth UBM's obligation to make monthly contributions to the Welfare Fund on behalf of employees performing work covered by the CBA. *Exhibit E, p. 15-16.*

22.     Article 20, Section 20.3 of the UBM CBA sets forth UBM's obligation to make monthly contributions to the L&E Fund on behalf of employees performing work covered by the CBA. *Exhibit E, p. 17.*

23.     It is the policy and practice of the Pension Fund, Welfare Fund, and L&E Funds to require employers to submit with their monthly contribution payments a remittance report form setting forth the identity of the employees for whom contributions are due and owing and the contribution amount owed for each employee.

24.     The respective Trust Agreements of the Pension Fund, the Welfare Fund, and the L&E Fund include a provision for the collection of delinquent contributions which states as follows:

7

The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection …

The Trustees shall have the right to adopt rules and regulations relating to the collection of Employer Contributions, including provisions for the payment, collection of interest, audit fees, attorneys' fees at the rate set by the Trustees in their sole discretion, costs, and liquidated damages as specified in this Section.

*Exhibit A, p. 18; Exhibit B, p. 19-20; Exhibit C, p. 18-19.*

25.     Consistent with the respective Trust Agreements of the Pension Fund, the Welfare Fund, and the L&E Fund, the Trustees of each Fund adopted the following policy and procedure imposing interest, liquidated damages, audit fees, and attorneys fees and costs on delinquent contributions:

If the employer does not make its payment by the 20th of the [second month following the month in which it was due], liquidated damages in the amount of 10% of the contribution owed will be added to the delinquency (5% for each month delinquent). In addition, interest at the rate of 0.75% per month of the delinquent contribution will continue to accrue with a minimum charge of $25.00 per month per Fund…

All payments by the employer on account of the delinquency shall also include all attorney's fees and costs associated with the collection of the delinquency, including the cost of the audit of the employer's payroll records and losses to the employees as a result of the delinquency and a result of any action taken to collect the delinquency.

*Exhibit F, Statement of Collection Procedures, Teamsters Local Union No. 727 Benefit Funds.*

26.     Article 37 of the UBM CBA sets forth UBM's obligations to make contributions to the PILMC on behalf of employees performing work covered by the CBA.  *Exhibit E, p.22.*

27.     The PILMC's Trust Agreement contains a provision imposing interest and liquidated damages on delinquent contributions:

An Employer in default as of the date established by the Collective Bargaining Agreement or the Trustees for payment of Contributions shall be liable for an additional amount of twenty percent (20%) of the delinquent payment or $50.00, whichever is greater, and interest at the rate set forth in the rules and regulations.

In the absence of a rate set forth in the rules and regulations, the interest rate used each month shall be the prime rate plus one percent (1%), as reported in the Wall Street Journal on the first business day of each month.

*Exhibit D, p. 21-22.*

28.     The PILMC's Trust Agreement further includes a provision for the collection of contributions which states as follows:

The Trustees may compel and enforce the payment of Contributions in any manner which they deem proper but without limitation upon any rights and privileges the Union may have in this connection.

*Id. at p. 21.*

## UBM'S UNPAID CONTRIBUTIOSN TO THE FUNDS

29.     In August 2016, the Funds conducted a payroll audit of UBM's books and records for the period August 1, 2013 through March 31, 2016 to determine whether UBM paid the full amount of contributions owed to the Funds.

30.     The payroll audit revealed that for the period August 1, 2013 through March 31, 2016, UBM owes delinquent contributions to the Pension Fund in the amount of $6,045.60; the Welfare Fund in the amount of $17,795.00; the L&E Fund in the amount of $1,857.80; and the PILMC Fund in the amount of $448.00. *Exhibit G, UBM Audit.*

31.     Pursuant to the Collection Procedures and the Trust Agreements, UBM is required to pay the Pension Fund, Welfare Fund, L&E Fund, and the PILMC corresponding interest, liquidated damages, attorneys' fees, and audit fees on these delinquent contributions. Interest continues to accrue until the contributions are paid in full.

9

32.     In addition to the amounts detected by the audit, UBM has further failed to pay interest and liquidated damages to the Pension Fund, Welfare Fund, and L&E Fund for late-paid contributions relating to work performed from July 2015 through March 2016.

## ALL ONE SUPPLY, LLC AS THE SUCCESSOR TO UBM, INC.

33.     In February 2016, UMB stopped remitting contributions to the Funds. Between February 2016 and August 2016, UBM continued to submit remittance reports to the Funds without the corresponding contributions.

34.     In August 2016, UBM notified the Funds that UBM was ceasing its business operations.

35.     All in One is a Michigan corporation that expanded its business operations to the Chicago Illinois area in the fall of 2016.

36.     In September 2016, just one month after UMB notified the Funds of its closure, All in One began remitting reports and contributions to the Funds. All in One formally signed a collective bargaining agreement with the Union on October 20, 2016, effective September 1 2016. *Exhibit H, All in One CBA*.

37.     Like UBM, All in One provides custodial cleaning services to parking garages in the Chicago area.

38.     All in One hired all, or substantially all, of the individuals that were previously employed by UBM. These employees continue to perform the same custodial work, at the same parking locations, and maintain the same work schedules as when they were employed by UBM.

39.     All in One provides cleaning services to substantially all of UBM's former customers.

10

40. Upon information and belief, All in One uses equipment previously owned and/or used by UBM.

41. Upon information and belief, when All in One began operating in the Chicago area, it operated out of UMB's former business location.

42. Upon information and belief, All in One used to supply cleaning supplies to UBM.

43. All in One employs former UBM president, Jim Cabrera, and former UBM employee, Larry Cabrera, in supervisory roles.

44. While employed by UBM, James Cabrera and Larry Cabrera were aware that UBM owed Plaintiff Funds for unpaid fringe benefit contributions.

45. James Cabrera and Larry Cabrera had knowledge of UBM's delinquency when they assumed supervisory roles at All in One.

46. Upon information and belief, All in One had knowledge of UMB's unpaid contributions at the time it assumed UBM's operations.

47. All in One is the successor company to UBM.

48. As UBM's successor, All in One is obligated jointly and/or severally with UBM to satisfy the UBM's contributions obligations of the Funds.

## ERISA AND COMMON LAW ENFORCEMENT

49. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

11

50.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

51.     Plaintiff Funds are further entitled to interest and liquidated damages on late-paid contributions as required by the CBA and applicable Trust Agreement, in accordance with the federal common law of contract.

52.     All in One Supply, LLC is joint and severally liable for UBM's delinquency to the Funds, in accordance with federal common law of successor liability.

## COUNT I
### All in One is the Successor of UMB

53.     Plaintiffs incorporate by reference paragraphs 1 through 52 above as though fully set forth herein.

54.     There is substantial continuity of operations between UBM and All in One, including, but not limited to, substantially similar business purpose, management, customers, employees, and equipment.

55.     All in One had notice of UBM's unpaid contributions to Plaintiff Funds at or before the time All in One assumed UBM's business operations.

12

56. As the successor of UBM, All in One is jointly and/or severally liable for UBM's unpaid contributions to the Funds.

**WHEREFORE**, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs and:

(a) Declare that All in One Supply, LLC is the successor of United Building Maintenance, Inc.;

(b) Order All in One to pay all contributions owed to the Funds by UBM, plus interest, liquidated damages, and attorney's fees and costs;

(d) That the Court order such other relief that the Court deems just and appropriate.

## COUNT II
### Unpaid Contributions – Plaintiff Pension Fund Against All Defendants

57. Plaintiffs incorporate by reference paragraphs 1 through 56 above as though fully set forth herein.

58. Pursuant to the CBA between UBM and the Union, UBM was obligated to pay contributions to the Pension Fund.

59. As of the date of the filing of the instant Complaint, UBM owes delinquent contributions to the Pension Fund for the period August 1, 2013 through March 31, 2016 in the amount of $6,045.60, plus interest and liquidated damages.

60. Plaintiff Pension Fund has demanded payment of the contributions owed but Defendant UBM has failed and/or refused to pay the contributions.

61. The Pension Fund has been economically harmed by UBM's failure to make contribution payments as required by the UBM CBA and the Pension Fund Trust Agreement.

62.     Defendant UBM's failure and refusal to pay contributions to the Pension Fund, as required in the CBA violates section 515 of ERISA, 29 U.S.C. § 1145 and federal common law of contracts.

**WHEREFORE,** the Pension Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all contributions owed to the Pension Plan, plus interest, liquidated damages, and attorney's fees and costs;

(b)     That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendants, jointly and/or severally, for any additional contribution amounts that may be found due and owing to the Pension Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

**COUNT III**
**Interest and Liquidated Damages for Late-Paid Contributions Under**
**Federal Common Law – Plaintiff Pension Fund Against All Defendants**

63.     Plaintiffs incorporate by reference paragraphs 1 through 62 above as though fully set forth herein.

64.     Pursuant to the UBM CBA and Pension Fund Trust Agreement, UBM is obligated to pay interest and liquidated damages to the Pension Fund for late-paid contributions.

65.      As of the date of the filing of the instant Complaint, UBM owes interest and liquidated damages to the Pension Fund for late-paid contributions relating to work performed in July 2015 through March 2016.

66.     Plaintiff Pension Fund has demanded payment of the interest and contributions owed but Defendant UBM has failed and/or refused to pay.

67.     The Pension Fund has been economically harmed by Defendant UMB's failure to pay interest and liquidated damages as required by the UBM CBA and the Pension Fund Trust Agreement.

68.     Defendant UBM's failure and refusal to pay interest and liquidated damages that UBM incurred, constitutes a violation of the UBM CBA and the Pension Fund Trust Agreement.

**WHEREFORE,** the Pension Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

(b)     That the Court enter judgment in favor of the Plaintiff Pension Fund and against Defendants, jointly and/or severally, for any additional interest and liquidated damages that may be found due and owing to the Pension Fund during the pendency of this litigation; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

### COUNT IV
### Unpaid Contributions – Plaintiff Welfare Fund Against All Defendants

69.     Plaintiffs incorporate by reference paragraphs 1 through 68 above as though fully set forth herein.

70.     Pursuant to the CBA between UBM and the Union, UBM is obligated to pay contributions to the Welfare Fund.

71.    As of the date of the filing of the instant Complaint, UBM owes delinquent contributions to the Welfare Fund for the months August 1, 2013 through March 31, 2016 in the amount of $17,795.00, plus interest and liquidated damages.

72.    Plaintiff Welfare Fund has demanded payment of the contributions owed but Defendant UBM has failed and/or refused to pay the contributions.

73.    The Welfare Fund has been economically harmed by Defendant UBM's failure to make contribution payments as required by the UBM CBA and the Welfare Fund Trust Agreement.

74.    Defendant UBM's failure and refusal to pay contributions to the Welfare Fund, as required in the CBAs violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a)    That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all contributions owed to the Welfare Fund, plus interest, liquidated damages, and attorney's fees and costs;

(b)    That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendants, jointly and/or severally, for any additional contribution amounts that may be found due and owing to the Welfare Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c)    That the Court order such other relief that the Court deems just and appropriate.

**COUNT V**

**Interest and Liquidated Damages for Late-Paid Contributions Under
Federal Common Law – Plaintiff Welfare Fund Against All Defendants**

75.     Plaintiffs incorporate by reference paragraphs 1 through 74 above as though fully set forth herein.

76.     Pursuant to the UBM CBA and Welfare Fund Trust Agreement, UBM is obligated to pay interest and liquidated damages to the Welfare Fund for late-paid contributions.

77.      As of the date of the filing of the instant Complaint, UBM owes interest and liquidated damages to the Welfare Fund for late-paid contributions relating to work performed in in July 2015 through March 2016.

78.     Plaintiff Welfare Fund has demanded payment of the interest and liquidated damages owed but Defendant UBM has failed and/or refused to pay.

79.     The Welfare Fund has been economically harmed by Defendant UBM's failure to pay interest and liquidated damages as required by the UBM CBA and the Welfare Fund Trust Agreement.

80.     Defendant UBM's failure and refusal to pay interest and liquidated damages that UBM incurred, constitutes a violation of the UBM CBA and the Welfare Fund Trust Agreement.

**WHEREFORE,** the Welfare Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

(b)     That the Court enter judgment in favor of the Plaintiff Welfare Fund and against Defendants, jointly and/or severally, for any additional interest and liquidated damages that may be found due and owing to the Welfare Fund during the pendency of this litigation; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

## COUNT VI
## Unpaid Contributions – Plaintiff L&E Fund Against All Defendants

81.     Plaintiffs incorporate by reference paragraphs 1 through 80 above as though fully set forth herein.

82.     Pursuant to the CBA between UBM and the Union, UBM is obligated to pay contributions to the L&E Fund.

83.     As of the date of the filing of the instant Complaint, UBM owes delinquent contributions to the L&E Fund for the period August 1, 2013 through March 31, 2016 in the amount of $1,857.80, plus interest and liquidated damages.

84.     Plaintiff L&E Fund has demanded payment of the contributions owed but Defendant UBM has failed and/or refused to pay the contributions.

85.     The L&E Fund has been economically harmed by Defendant UBM's failure to make contribution payments as required by the UBM CBA and the L&E Fund Trust Agreement.

86.     Defendant UBM's failure and refusal to pay contributions to the L&E Fund, as required in the CBA violates section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay

all contributions owed to the L&E Plan, plus interest, liquidated damages, and attorney's fees and costs;

(b)     That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendants, jointly and/or severally, for any additional contribution amounts that may be found due and owing to the L&E Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs as mandated by ERISA; and

(c)     That the Court order such other relief that the Court deems just and appropriate.

## COUNT VII
### Interest and Liquidated Damages for Late-Paid Contributions Under Federal Common Law – Plaintiff L&E Fund Against All Defendants

87.     Plaintiffs incorporate by reference paragraphs 1 through 86 above as though fully set forth herein.

88.     Pursuant to the CBA and L&E Fund Trust Agreement, UBM is obligated to pay interest and liquidated damages to the L&E Fund for late-paid contributions.

89.      As of the date of the filing of the instant Complaint, UBM owes interest and liquidated damages to the L&E Fund for late-paid contributions relating to work performed in July 2015 through March 2016.

90.     Plaintiff L&E Fund has demanded payment of the interest and liquidated damages owed but Defendant UBM has failed and/or refused to pay.

91.     The L&E Fund has been economically harmed by Defendant UBM's failure to pay interest and liquidated damages as required by the UBM CBA and the L&E Fund Trust Agreement.

92.     Defendant UBM's failure and refusal to pay interest and liquidated damages that UBM incurred, constitutes a violation of the UBM CBA and the L&E Fund Trust Agreement.

19

**WHEREFORE,** the L&E Fund prays that the Court grant the following relief:

(a)    That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

(b)    That the Court enter judgment in favor of the Plaintiff L&E Fund and against Defendants, jointly and/or severally, for any additional interest and liquidated damages that may be found due and owing to the L&E Fund during the pendency of this litigation; and

(c)    That the Court order such other relief that the Court deems just and appropriate.

## COUNT VIII
### Unpaid Contributions – Plaintiff PILMC Fund Against All Defendants

93.    Plaintiffs incorporate by reference paragraphs 1 through 92 above as though fully set forth herein.

94.    Pursuant to the CBA between UBM Parking and the Union, UBM is obligated to pay contributions to the PILMC Fund.

95.    As of the date of the filing of the instant Complaint, UBM owes delinquent contributions to the PILMC Fund for the months August 1, 2013 through March 31, 2016 in the amount of $448.00, plus interest and liquidated damages.

96.    Plaintiff PILMC has demanded payment of the contributions owed but Defendant UBM has failed and/or refused to pay the contributions.

97.    The PILMC Fund has been economically harmed by Defendant UBM's failure to make contribution payments as required by the UBM CBA and the PILMC Fund Trust Agreement.

98. Defendant UBM's failure and refusal to pay contributions to the PILMC Fund is a breach of UBM's obligations under the CBA and the PILMC Trust Agreement in violation of section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**WHEREFORE,** the PILMC Fund prays that the Court grant the following relief:

(a) That the Court enter judgment in favor of the Plaintiff PILMC Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all contributions owed to the PILMC Fund, plus interest, liquidated damages, and attorney's fees and costs;

(b) That the Court enter judgment in favor of the Plaintiff PILMC Fund and against Defendants, jointly and/or severally, for any additional contribution amounts that may be found due and owing to the PILMC Fund during the pendency of this litigation, together with interest, liquidated damages, attorney's fees and costs; and

(c) That the Court order such other relief that the Court deems just and appropriate.

## COUNT IX
### Interest and Liquidated Damages for Late-Paid Contributions Under Federal Common Law – Plaintiff PILMC Fund Against All Defendants

99. Plaintiffs incorporate by reference paragraphs 1 through 98 above as though fully set forth herein.

100. Pursuant to the UBM CBA and PILMC Fund Trust Agreement, UBM Parking is obligated to pay interest and liquidated damages to the Pension Fund for late-paid contributions.

101. As of the date of the filing of the instant Complaint, UBM Parking owes interest and liquidated damages to the PILMC Fund for late-paid contributions relating to work performed in July 2015 through March 2016.

102.    Plaintiff PILMC Fund has demanded payment of the interest and liquidated damages owed but Defendant UBM has failed and/or refused to pay.

103.    The PILMC Fund has been economically harmed by Defendant UBM's failure to pay interest and liquidated damages as required by the UBM CBA and the PILMC Fund Trust Agreement.

104.    Defendant UBM's failure and refusal to pay interest and liquidated damages that UBM incurred, constitutes a violation of the UBM CBA and the PILMC Fund Trust Agreement.

**WHEREFORE,** the PILMC Fund prays that the Court grant the following relief:

(a)     That the Court enter judgment in favor of the Plaintiff PILMC Fund and against Defendants UBM and All in One, jointly and/or severally, and that Defendants be ordered to pay all interest and liquidated damages for late-paid contributions;

(b)     That the Court enter judgment in favor of the Plaintiff PILMC Fund and against Defendants, jointly and/or severally, for any additional interest and liquidated damages that may be found due and owing to the Pension Fund during the pendency of this litigation; and

(c)     That the Court order such other relief that the Court deems just and appropriate.


Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

s/ Linda M. Martin
LINDA M. MARTIN, ESQUIRE
JOHN R. BIELSKI, ESQUIRE
*Lead Counsel*
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office          (215) 656-3665 (LMM Phone)
                (215) 656-3652 (JRB Phone)

Facsimile        (215) 561-5135
Email            lmartin@wwdlaw.com
                 jbielski@wwdlaw.com


ILLINOIS ADVOCATES, LLC

  s/William M. Tasch
WILLIAM M. TASCH, ESQUIRE
77 W. Washington Street, Suite 2120
Chicago, IL  60602
Office           (312) 346-2052
Facsimile        (312) 492-4804
W. Tasch Email   William.Tasch@iladvocates.com

*Counsel to Plaintiffs Teamsters Local Union No.
727 Pension Fund, Teamsters Local Union No. 727
Welfare Fund, Teamsters Local Union No. 727,
L&E Fund, PILMC, and their Boards of Trustees*

Dated:  October 5, 2017

## CERTIFICATE OF SERVICE

I, Linda M. Martin, Esquire, hereby certify that I have this 5th day of October, 2017 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

> R. Alexander Acosta, Secretary
> U.S. Department of Labor
> Office of Public Affairs
> 200 Constitution Ave., N.W.
> Room S-1032
> Washington, DC 20210

> Steven Terner Mnuchi, Secretary
> United States Department of Treasury
> 1500 Pennsylvania Avenue, N.W.
> Washington, D.C. 20220

_____s/Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE

Dated:  October 5, 2017

24